2016 UT App 68

## THE UTAH COURT OF APPEALS

WILLIAM SHERRATT,
Appellant,
*v.*
DEPARTMENT OF CORRECTIONS,
Appellee.

Per Curiam Decision
No. 20150830-CA
Filed April 7, 2016

Sixth District Court, Manti Department
The Honorable Wallace A. Lee
No. 140600023

William Sherratt, Appellant Pro Se

Sean D. Reyes and Stanford E. Purser, Attorneys
for Appellee

Before JUDGE STEPHEN L. ROTH and SENIOR JUDGES RUSSELL W.
BENCH and PAMELA T. GREENWOOD. [1]

PER CURIAM:

¶1     William Sherratt appeals the district court's September 12, 2015 order dismissing his request for judicial review of the State Record Committee's denial of his request for certain documents. This matter is before the court on its own motion for summary disposition and its subsequent request for additional briefing. We affirm in part and reverse in part.

---

1. Senior Judges Russell W. Bench and Pamela T. Greenwood sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

¶2    On March 24, 2014, the State Records Committee issued a decision denying Sherratt's request for certain documents. On April 23, 2014, Sherratt initiated this action seeking judicial review of that decision. However, Sherratt's initial filing was confusing and seemingly invoked both his right to seek judicial review under Utah Code section 63G-2-404 and a request for extraordinary relief under rule 65B of the Utah Rules of Civil Procedure. After procedural issues arose in the case, Sherratt requested that the district court resolve his claims under rule 65B. The district court obliged the request and, viewing the entire filing as one for extraordinary relief, dismissed the case, reasoning that because Sherratt had a plain, adequate, and speedy remedy available to him under Utah Code section 63G-2-404, his petition for extraordinary relief should be denied.

¶3    After reviewing the record in its entirety, it is clear that Sherratt's initial filing was not simply filed as a petition for extraordinary relief but was primarily filed as an attempt to seek judicial review of the Records Committee's decision. First, Sherratt initiated the proceeding within the time period allowed for filing a request for judicial review of the Records Committee's decision. *See* Utah Code Ann. § 63G-2-4042(1)(a) (LexisNexis 2015) (requiring that judicial review of final decisions be brought within thirty days). Second, the caption on the initial pleading expressly mentions that it is a complaint filed under Utah Code section 63G-2-404. Finally, the first sentence of the pleading recites that Sherratt "requests *judicial review* of the denial of requested records by parties listed above." (Emphasis added.) Under the totality of circumstances, we conclude that Sherratt was attempting to initiate a proceeding seeking judicial review of the Records Committee's decision.

¶4    We agree with the State and, implicitly the district court, that Sherratt confused the matter by referring to, and requesting relief under, rule 65B of the Utah Rules of Civil Procedure. To the extent that Sherratt was seeking extraordinary relief in his

petition, the district court was correct in stating that such relief was not available because Sherratt had another plain, adequate, and speedy remedy, i.e., judicial review of the Records Committee's decision. Although we agree that the district court was correct in dismissing Sherratt's request for extraordinary relief, we cannot overlook the fact that the very plain, adequate, and speedy remedy referred to by the district court was included in Sherratt's initial complaint. Accordingly, by dismissing the action in its entirety, the district court also dismissed the remedy Sherratt had available to him. Thus, the entirety of the complaint should not have been dismissed, and the matter should have proceeded on Sherratt's request for judicial review.

¶5      Affirmed in part and reversed in part.

_____